IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TROY ANTHONY SMOCKS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 4:22-cv-01028-ALM-KPJ |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Defendant. § | |

**UNITED STATES OF AMERICA'S REPLY IN SUPPORT
OF ITS MOTION FOR EXTENSION OF TIME TO ANSWER
OR OTHERWISE PLEAD TO PLAINTIFF'S COMPLAINT**

Comes now Defendant, the United States of America ("United States") and files this reply in support of its motion for extension of time to answer or otherwise plead to the Plaintiff's complaint (Dkt. # 5.) In support thereof, the United States would show the Court as follows:

**BACKGROUND**

On February 2, 2023, the United States filed its motion for extension of time. (Dkt. # 5.) The United States requested the extension to determine how to respond to the thirty-three claims Plaintiff makes against four different federal components involved in this case: (1) the Department of Justice (DOJ); (2) the Federal Bureau of Investigation; (3) the Department of Homeland Security; and (4) the United States Marshals Service (USMS). The United States also sought additional time in order to request authority from the Torts Branch of the Department of Justice to raise the discretionary function exception to the limited waiver of sovereign immunity provided by the Federal Tort Claims Act.

Following the United States' reasonable request, Plaintiff sought to default the United States and filed multiple briefs opposing the United States' motion. However, In the Objection to

Defendant's Motion for Extension of Time to Answer or Otherwise Plead to Plaintiff's Complaint (the "Response") (Dkt. # 17), Plaintiff makes four primary arguments, not all of which are responsive to the United States' motion. First, Plaintiff appears to argue that because the United States did not answer or otherwise plead within sixty (60) days of service, entry of default judgment is proper. (Dkt. # 17, p. 2–3.) Second, Plaintiff argues that the United States affirmative defenses have been waived. (*Id.* at 3–5.) Third, Plaintiff argues that the Defendant has had ample opportunity to defend without an extension of time. (*Id.* at 5–6.) Finally, Plaintiff argues that the United States lacks a meritorious defense. (*Id.* at 7–10.)

## ARGUMENT

The Court should grant the United States' motion for extension of time. The United States' reasonable request for thirty additional days to respond to Plaintiff's complaint is reasonable and timely. Plaintiff's Response in some way disregards the motion. It asks the Court to find a "willful" failure to respond and seeks to have the Court find the United States has waived affirmative defenses by not including them in responsive pleading. But arguments are inconsistent with the United States' request for additional time. Plaintiff's other arguments fare not better. The arguments are procedurally improper, non-responsive, and inconsistent with the pleadings before the Court. Accordingly, the Court should grant the United States motion.

### I.     **The Court should disregard Plaintiff's arguments as procedurally improper.**

The Response fails to comply with Local Rule 7(a) because Plaintiff seeks to combine requests for relief into his opposition to the United States' Motion. Local Rule 7(a) provides "[e]ach pleading, motion, or response to a motion must be filed as a separate document…." Local Rule CV-7(a). Here, under the guise of a response/objection, Plaintiff seeks a default judgment, Dkt. # 17, p. 3, to have the United States' affirmative defenses deemed waived, *id.* at 3–4, and

apparently to have the Court rule on the United States' potential assertion of the discretionary function exception, *id.* at 7–10. At this point the United States has not asserted any affirmative defenses or raised the discretionary function exception, so it is unclear how these issues could potentially be before the Court. But, even if those issues were ripe for consideration, the Local Rules require those arguments to be raised by separate motion, not under the guise of a response to the United States' motion. Accordingly, the Court should reject these arguments as procedurally improper.

Plaintiff's request for a default judgment is also improper because Plaintiff fails to satisfy the requirements of Federal Rule of Civil Procedure 55. The Federal Rules of Civil Procedure set forth the conditions under which a default may be entered against a party, as well as the procedure required for seeking entry of default judgment. Fed.R.Civ.P. 55. The Fifth Circuit has described the process of obtaining a default judgment as involving three steps. *N.T. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party has failed to plead or otherwise respond to a complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 55(a); *N.Y. Life Ins.*, 84 F.3d at 141. Second, the clerk must enter the party's default when it is established by affidavit. *Id*. Third, the party seeking a judgment must then apply for default judgment after the default has been entered by the court. Fed.R.Civ.P. 55(b); *N.Y. Life Ins. Co.*, 84 F.3d at 141. As explained by Wright and Miller, "[p]rior to obtaining a default judgment under Rule 55(b)(1) or 55(b)(2), there must be an entry of default judgment as required by Rule 55(a). 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2682 (4th ed. 2021).

Here, Plaintiff has not complied with the three-step process required by the Fifth Circuit to obtain a default judgment. Although Plaintiff requested a Clerk's entry of default, the Clerk has not entered a default. Therefore, a default judgment is not appropriate.

### II. **Plaintiff's argument about having ample time to defend is a red herring.**

Plaintiff opposes the United States' motion on the grounds that the "Defendant had ample time to defend." (Dkt. # 17, p. 5–7.) However, Plaintiff's argument centers around the administrative process, not the civil litigation before this Court. Compliance with the administrative process is a jurisdictional threshold Plaintiff must satisfy prior to filing the case. That should not be projected on the defense of this case, which was not filed until after the 180-day period expired. This is the United States' first request for extension of time and is entirely reasonable given the need to confer with DOJ, FBI, DHS, and USMS regarding Plaintiff's thirty-three count complaint.

Additionally, Plaintiff's unsupported assertion that "the relevant agencies and the departments to include DOJ have failed to cooperate or otherwise respond to counsel" is untrue. Undersigned counsel is working with the agencies to evaluate this case and determine how to best respond. Plaintiff's statement to the contrary is not true. Thus, his argument that their failure to work with counsel somehow is tantamount to willful failure to respond should be rejected out of hand.

### III. **The Court should reject Plaintiff's argument that affirmative defenses have been waived.**

The Plaintiff argues that the United States waived its affirmative defenses by not raising them in its motion for extension of time. The Court should reject this argument out of hand. The United States asked for additional time to file its responsive pleading. To date, it has not filed a

responsive pleading, let alone filed a responsive pleading without raising affirmative defenses. Therefore, Plaintiff's argument of waiver is misplaced.

IV. **Plaintiff's argument that the discretionary function exception does not constitute a meritorious defense is incorrect and premature.**

The Court should reject Plaintiff's request to rule on a defense that has not yet been raised. Although difficult to follow, Plaintiff appears to ask the Court to rule on the discretionary function exception before the United States has had an opportunity to raise it. This issue is premature, not before the Court and should be rejected.

## CONCLUSION

For the foregoing reasons and for the reasons set forth in the United States Motion for Extension of Time (Dkt. # 5), the Court should grant the United States' Motion and extend the deadline for the United States to answer or otherwise plead until March 9, 2023.

Respectfully submitted,

BRIT FEATHERSTON
United States Attorney

*/s/ James G. Gillingham*
JAMES G. GILLINGHAM
Assistant U.S. Attorney
Eastern District of Texas
110 N. College Street; Suite 700
Tyler, Texas 75702
E-mail: James.Gillingham@usdoj.gov
(903) 590-1400
(903) 590-1436 (fax)
Texas State Bar # 24065295

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 22, 2023, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to those persons on the Court's electronic filing system.

                                                 */s/ James G. Gillingham*
                                                 JAMES G. GILLINGHAM