IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **TROY ANTHONY SMOCKS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-1028-ALM-KPJ |
| | § | |
| **THE UNITED STATES OF AMERICA,** | § | |
| | § | |
| Defendant. | § | |

<u>REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE</u>

Pending before the Court is Plaintiff Troy Anthony Smocks' ("Plaintiff") "Motion for *nihil dicit* Default Judgment" (the "Motion for Default Judgment") (Dkt. 10).[1] Defendant The United States of America ("Defendant") filed a response (Dkt. 20), and Plaintiff filed a reply (Dkt. 22). For the reasons that follow, the Court recommends the Motion for Default Judgment (Dkt. 10) be **DENIED**.

**I.   BACKGROUND**

Plaintiff alleges that during his arrest on January 14, 2021, Defendant violated the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1). *See generally* Dkt. 1 (the "Complaint"). For these alleged violations, Plaintiff seeks damages of $2,500,024,227.04. *See id.* at 16. On December 9, 2022, Plaintiff served the Complaint (Dkt. 1) on Defendant. *See* Dkt. 4. Therefore, Defendant's deadline to answer or otherwise respond to the Complaint (Dkt. 1) was February 7, 2023. *See* FED. R. CIV.

---

[1] In the Motion for Default Judgment (Dkt. 10), Plaintiff "respectfully moves this Honorable Court under Rule 55(b)(1) of the Federal Rules of Civil Procedure for the entry of a nihil dicit judgment by default against the defendant." Dkt. 10 at 1. Rule 55(b)(1) authorizes entry of default judgment by the "Clerk." *See* FED. R. CIV. P. 55 (b)(1). Rule 55(b)(2) allows for application to the "Court." FED. R. CIV. P. 55 (b)(2). However, because Plaintiff indicated that he "moves this Honorable Court," Dkt. 10 at 1, and because Plaintiff does not include an affidavit showing the amount due, as required by Rule 55(b)(1), the Court construes the Motion for Default Judgment (Dkt. 10) as having been brought under Rule 55(b)(2).

1

P. 12(a)(2). On February 2, 2023, prior to the expiration of Defendant's deadline, Defendant filed the Motion for Extension of Time to Answer or Otherwise Plead to Plaintiff's Complaint (the "Motion for Extension") (Dkt. 5). On February 8, 2023, while the Motion for Extension (Dkt. 5) was pending, Plaintiff filed the Request for Entry *nihil dicit* Default Judgment (Dkt. 7) and the Motion for Default Judgment (Dkt. 10). On March 7, 2023, Plaintiff filed the "Request for Entry Default Judgment" (Dkt. 25), "Entry of Default Judgment by the Clerk" (Dkt. 26), and "Request Entry of Default Judgment by the Clerk" (Dkt. 27), in all of which Plaintiff requests that, pursuant to Rule 55(b)(1), the Clerk of Court enter default judgment against Defendant. *See* Dkts. 25, 26, 27.[2] On March 7, 2023, the Court granted the Motion for Extension (Dkt. 5), and Defendant's deadline to file an answer or otherwise respond to the Complaint (Dkt. 1) was extended to March 9, 2023. *See* Dkt. 29. On March 9, 2023, Defendant timely filed the Motion to Dismiss (Dkt. 30) pursuant to Rules 12(b)(1) and 12(b)(6). Accordingly, Defendant's answer is not yet due. *See* FED. R. CIV. P. 12(a)(4).

## II.     LEGAL ANALYSIS

"A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An entry of default is what the clerk enters when the default is established by affidavit or otherwise. After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a default judgment." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (citing FED. R. CIV. P. 55(a)) (emphases omitted)).

The Federal Rules of Civil Procedure contemplate that deadlines may be extended. *See* FED. R. CIV. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may,

---

[2] Additionally, Plaintiff filed the "Amended Affidavit in Support of Default Judgment" (Dkt. 28).

for good cause, extend the time: with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]"). Further, when a party's request for an extension is made prior to the expiration of the deadline, as was the case here, the Court may extend the deadline for "any reason." *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 524 (5th Cir. 2021) (citing FED. R. CIV. P. 6(b)(1)(A)). Defendant's deadline to answer or otherwise respond to the Complaint (Dkt. 1) was February 7, 2023. *See* FED. R. CIV. P. 12(a)(2). On February 2, 2023, prior to the expiration of Defendant's deadline, Defendant filed the Motion for Extension (Dkt. 5), wherein it asserted justifiable grounds to extend the response deadline. Specifically, Defendant represented that (1) Defendant's counsel was waiting to receive litigation reports from the four different federal agencies (Department of Justice, Federal Bureau of Investigation, Department of Homeland Security, and U.S. Marshal Service) implicated in the Complaint (Dkt. 1); and (2) Defendant's counsel was in the process of receiving the necessary approval from the Torts Branch of the Department of Justice to assert the "discretionary function exception" to the Federal Tort Claims Act. *See* Dkt. 5 at 1–2 . The Court, in its discretion, granted the Motion for Extension (Dkt. 5), *see* Dkt. 29, and Defendant timely filed the Motion to Dismiss (Dkt. 30) pursuant to Rules 12(b)(1) and 12(b)(6), *see* FED. R. CIV. P. 12(b).

Because Defendant has never been in default, the Clerk of Court has not made an entry of default against Defendant. Because the Clerk of Court has not entered default against Defendant, Plaintiff cannot seek default judgment. *See N.Y. Life Ins.*, 84 F.3d at 141. Hence, the Court necessarily cannot grant default judgment against Defendant.[3]

---

[3] Specifically, Plaintiff requests a judgment *nihil dicit* against Defendant. *See generally* Dkts. 10, 22. "'Judgment nihil dicit,' a form of default under common law, is rarely (if ever) utilized in federal cases anymore. Default proceedings now are covered by Rule 55 of the Federal Rules of Civil Procedure." *United States v. Jones*, 244 F.3d 135, 2000 WL 1901546, at *1 (5th Cir. 2000) (per curiam). Accordingly, the Court doubts that such relief could be granted in this case. Plaintiff invokes judgment *nihil dicit* as provided for by Texas common law, which "is usually limited to situations where (1) the defendant has entered some plea, usually of a dilatory nature, but the plea fails to place the

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends the Motion for Default Judgment (Dkt. 10) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party filing objections is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

---

merits of the plaintiff's case in issue, or (2) the defendant has placed the merits of the case in issue by filing an answer, but the defendant later withdraws his answer." *In re Gober*, 100 F.3d 1195, 1204 n.7 (5th Cir. 1996) (citing *Frymire Eng'g Co., Inc. v. Grantham*, 524 S.W.2d 680, 681 (Tex. 1975) (per curiam)). Even if the Court could grant a judgment *nihil dicit*, neither of the foregoing two situations are present in this case, so such relief would likely be inappropriate.

4

**So ORDERED and SIGNED this 28th day of July, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE