FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

AUG 02 2024

BY DEPUTY_____

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| TROY ANTHONY SMOCKS<br>*Plaintiff*<br><br>Vs.<br><br>THE UNITED STATES OF AMERICA<br>*Defendant* | )<br>)<br>) Case No. 4:22-cv-01028-ALM<br>)<br>)<br>)<br>) |

### PLAINTIFF'S REPLY TO UNITED STATES OF AMERICA'S RESPONSE TO PLAINTIFF'S MOTION FOR HEARING AND ORAL ARGUMENTS IN LIGHT OF PLAINTIFF'S RULE 60(b)(4) MOTION

On or about July 22, 2024, the United States of America filed its response in opposition to Plaintiff's Motion for Hearing and Oral Arguments (ECF 57). Accordingly the Plaintiff presents his reply in opposition to the Defendant's arguments in light of Plaintiff's Rule 60(b)(4).

Defendant raises several arguments that fail to be grounded on either relevant law or facts pertaining to the merits of the case. Initially the Defendant argues at page 2 ¶ 1 that a hearing is unnecessary because Defendant believes that the arguments are adequately presented in the briefs and records of the case. However the Defendants neglects to inform the Court that due to the June 20, 2023 Stay Order of the Court (ECF 42), no discovery was made available to the parties in order that relevant and or discoverable evidence could be had to further develop the record, to include but not limited to the "Deed of Cession" from the Defendant for the partial of property located at 6606 Mapleshade Lane, Dallas, Texas. Rather, the Defendant argues that the evidentiary value of documents and testimony that Plaintiff either presented to the Court or submitted in his Offer of Proof somehow falls within the rule governing new evidence. This argument, however, the Court must reject on its face for the reason set out below.

DEFENDANT FAILED TO CITE THE CORRECT AUTHORITIES

The Defendant argues the issue of submitting new evidence, however in support of its argument Defendant cites to Fed.R.Civ.P.,72(b)(3); and 28 U.S.C. 636(b)(1)(C). In both cases neither authority have relevance to the instant argument before the Court. Fed.R.Civ.P., 72(b)(3) provides –

> (b) Dispositive Motions and Prisoner Petitions.
>
> (3) *Resolving Objections*. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

**28 U.S.C. § 636(b)(1)(C) provides-**

> **28 U.S.C. 636 (b)**
> (1)Notwithstanding any provision of law to the contrary—
>
> (C) the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.
>
> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Accordingly, neither statutory citation is relevant to the issue argued upon the face of the pleading. Defendant did however cite *Performance Autoplex II Ltd. V. Mid-Continent Cas. Co.,* 322 F. 3d 847, 862 (5th Cir 2003) citing *Freeman v. County of Bexas,* 142 F. 3d 848, 852 (5th Cir 1998), but the cases do little or nothing in support of the argument. *Performance,* involved the

interpretation of an insurance policy where the court stating in dicta nothing more than "a district court's denial of a motion to supplement the record after a magistrate judge recommends granting or denying summary judgment is reviewed for an abuse of discretion." Id 851-53. Futher, in *Freeman* the court concluded that the affidavit submitted as new evidence failed because the affidavit was not summary judgment evidence. The affidavit failed "because it consisted almost exclusively of legal conclusions unsupported by any facts." Id 850. The argument presented by Defendant rests on the sole premise that no conflict of interest exist with the magistrate. Moreover, Plaintiff's request for a *hearing "where some testimony would be helpful to the Court"*, is further validated by Defendant's arguments that attempt to sidestep the germane issue which is the [law] surrounding "enclave jurisdiction."

## THE LAW MANDATES THAT THE COURT EXAMINE THE GOVERNMENT'S DEED OF CESSION

Central to the scope of Plaintiff's requested hearing is the requirement for the Defendant to produce before the Court either the actual or a certified copy of the Deed of Cession for the partial of property located at 6606 Mapleshade Lane, Collin County, Dallas, Texas, for examination. The above named partial of property is the central issue of jurisdictional controversy. The production of said Deed of Cession is not merely in aid of the testimony by witnesses for the Plaintiff, but examination of the Deed of Cession is a question of law for the Court to decide upon a hearing. In that "deeds are construed in equity by the rules of law." See - *United States v. Arredondo*, 31 U.S. 691, 738, 8 L. Ed. 547 (1832). *See also – Fairfax's Devisee v. Hunter's Lessee*, 11 U.S. 603, 630 (1813) where the court held, "but to decide on this question, we must look into the deed of cession, and upon its construction the decision of this Court must depend."

The Defendant continuously regurgitates the unsupported assertion that Plaintiff intends to offer new evidence in support of his request for a hearing on the relevant law, but in the same breath pleads to the Court for consideration that its Motion to Dismiss was pending for greater than one year under the Court's Stay Order. Moreover, but for the Stay Order, Plaintiff would have timely addressed the issues now under consideration by the Court prior to the death of his previous counsel of record. If any prejudice was caused by the length of the Court's Stay Order, the prejudice is to the Plaintiff. The federal courts have noted several factors that might properly enter into the weighing and balancing analysis of determining whether a stay was warranted: the interest of the plaintiff in proceeding expeditiously with the civil litigation, or any particular aspect of it, and the potential prejudice to the plaintiff of a delay in the progress of that litigation; the interest of the defendant and the burden that any particular aspect of the proceedings may impose on him or her; *See* - 37 A.L.R.6th 511 (Originally published in 2008).

## CONCLUSION

Plaintiff does not object to the Court's June 20, 2023, Stay Order, he merely wants his fair day in Court. Moreover, a hearing which challenges agency actions under the Administrative Procedure Act (APA) mandates a hearing where the court may consider facts from outside the record. "The 'legal interest' test goes to the merits. The question of standing is different. It concerns, apart from the 'case' or 'controversy' test, the question whether the interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question." *Ass'n of Data Processing Serv. Organizations, Inc. v. Camp,* 397 U.S. 150, 153–54, 90 S. Ct. 827, 830, 25 L. Ed. 2d 184 (1970).

For these reasons and those presented within the whole record of this case, Plaintiff prays that his Motion for Hearing and Oral Arguments (ECF 53) be granted.

Respectfully submitted,

Troy A. Smocks
1624 Medina Lane
Prosper, Texas 75078
(940) 594-0639
tasmocks@outlook.com

CERTIFICATE OF SERVICE

I certify that I have on August 2, 2024, that I mailed via First Class United States Mail, a true and complete copy of this pleading to:

James G. Gillingham
Assistant United States Attorney
Eastern District of Texas
110 N. College Street
Tyler, Texas 75702
James.gillingham@usdoj.gov
Attorney of record for Defendant the United States of America

Respectfully submitted,

Troy A. Smocks