FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

AUG 0 2 2024

BY DEPUTY_____

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

TROY ANTHONY SMOCKS          )
*Plaintiff*          )
          )  Case No. 4:22-cv-01028-ALM
*Vs.*          )
          )
THE UNITED STATES OF AMERICA          )
*Defendant*          )

## PLAINTIFF'S MOTION FOR RELIEF FROM A JUDGMENT OR ORDER PRUSUANT TO RULE 60(b)(4) FED.R.CIV.P.

On or about July 22, 2024, the United States of America filed its response in opposition to Plaintiff's Objection To The Report and Recommendation (R&R) of the United States Magistrate (ECF 56). On or about July 28, 2024, this Court issued its Order Adopting The Report And Recommendation of the United States Magistrate. Accordingly, the Plaintiff presents his Motion pursuant to Rule 60(b)(4) F.R.Civ.P to vacate it's Order and grant relief to the Plaintiff where the Court's Order derives from the void R&R of the United States Magistrate as further set out below, and therefore the Court's Order adopting the R&R is equally void as a sound matter of law. In support thereof Plaintiff states.

A.

1.    As it relates to the instant case, the District Judge is not allowed to adopt the Report and Recommendation (R&R) of United States Magistrate Judge Kimberly C. Priest Johnson, because the R&R is void as a matter of constitutional law, and any Judgment or Order by the District Judge derived from the R&R of United States Magistrate Judge Kimberly C. Priest Johnson, is equally *coram non judice* and a nullity as further presented below.

1

B.

## THE VALIDITY OF THE MAGISTRATE'S R&R AS IT APPLIES TO THIS CASE IS CONTROLLED BY THE CONSTITUTION OF THE STATE OF TEXAS AND IS VOID

1.      In general, a judge's disqualification under a statute or code of judicial conduct does not ordinarily implicate the constitution. Id.; *Fero v. Kerby*, 39 F.3d 1462, 1479-1480 (10th Cir. 1994); *Dyas v. Lockhart*, 705 F.2d 993, 997 (8th Cir. 1983); *Nichols v. Scott*, 69 F.3d 1255, 1277 (5th Cir. 1995) citing *United States v. Couch*, 896 F.2d 78, 81 (5th Cir. 1990). *See also - Pollard v. Cain*, CIVIL ACTION No. 06-1493, SECTION P, at \*23 (W.D. La. Nov. 9, 2007).

However, in the state of Texas, the disqualification of judges and the validity of the actions of such disqualified judge, is exclusively controlled by the Texas Constitution and constitutional decision handed down by the highest court in the state, i.e., the Texas Supreme Court. The federal Fifth Circuit Court of Appeals has recognized as much. Accordingly, the Fifth Circuit has stated, "in deciding cases governed by state law, we are bound by applicable decisions of the state's highest court. *See, e.g., Gaia Techs. Inc. v. Recycled Prods. Corp.,* 175 F.3d 365, 375 n. 11 (5th Cir. 1999) (citation omitted)." *See also - Cochran v. B.J. Services Co. USA*, 302 F.3d 499, 501-02 (5th Cir. 2002). Moreover, [u]nless a state's constitution conflicts with the Constitution of the United States[1], federal judges are bound by the mandates of the constitution of the state in which the federal district court is located. "The trial judge must not act in derogation of the constitutional right in effect." *See - Brown v. Wainwright*, 665 F.2d 607, 613 (5th Cir. 1982). *See also - Armstrong v. Exceptional Child Center, Inc.*, U.S.2015, 135 S.Ct. 1378, 575 U.S. 320, 191 L.Ed.2d 471, on remand 2015 WL 2242528, on remand 788 F.3d 991,

---

[1] When state **constitutional** right unavoidably **conflicts** with **federal constitutional** right, **state** right must give way to federal right under mandates of supremacy clause of the United States **Constitution**. *Hunter v. Duckworth,* N.D.Ind.1989, 741 F.Supp. 1338, reversed on other grounds 906 F.2d 302, rehearing granted, on rehearing 934 F.2d 856, certiorari denied 112 S.Ct. 388, 502 U.S. 945, 116 L.Ed.2d 338.

where it was determined that the Supremacy Clause is not the source of any *federal* rights, and certainly does not create a cause of action; it instructs courts what to do when state and *federal* law clash, but it is silent regarding who may enforce *federal* laws in court, and in what circumstances they may do so. (Cit. Original)

In the instant case there is no unavoidable conflict between the Constitutions for the State of Texas and that of the United States in regard to judicial disqualification. To demonstrate the lack of conflict the federal Supreme Court determined in *Bracy v. Gramley,* 520 U.S. 899 (1997) that due process requires a fair trial before a judge without actual bias against a party or an interest in the outcome of their particular case. *Bracy* affirmed that, "it certainly violates the Fifth Amendment and deprives a party of due process of law to subject his liberty or property to the judgment of a court, the judge of which has a direct, personal, or a substantial pecuniary interest in reaching a conclusion against him in his case." *See also - Tumey v. Ohio,* 273 U.S. 510 (1927) Id 523. Generally, the constitutional standard for judicial impartiality is narrower than the standard set by state and federal recusal statutes, *Richardson v. Quarterman,* 537 F. 3d 466 (5th Cir 2018) Id at 474 n. 4., but due process requires a fair trial before a judge with no actual bias or interest in the outcome of the case. Because of the difficulty in proving that bias, the due process clause, also prohibits the presumption of bias, *See - Caperton v. A.T. Massey Coal Co.* 556 U.S. 868 (2009). Id at 883-84. "Presumptive bias" occurs when a judge may not actually be biased but has the appearance of bias such that the probability of actual bias is too high to be constitutionally tolerable, *Richardson,* supra Id at 475.

The Supreme Court has found presumptive bias in situations which include: the judge has a substantial interest in the outcome of the case; and (2) if the judge has the dual role of

investigating and adjudicating the dispute, *Richardson,* Id at 475, quoting *Withrow,* supra Id at 475.

In the instant case, the unrefuted facts surrounding the magistrate judge's actions in the underlying case make it clear that a conflict of interest exists for disqualification.

<u>THE CONSTITUTION OF TEXAS</u>

The Texas Constitution provides that "[n]o judge shall sit in any case wherein the judge may be interested." (Tex. Const. art. V, § 11). Accordingly, in *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 624 (Tex. 2012) the Supreme Court of Texas determined that, "A judge is 'interested' in a case - and thus disqualified under Article V, Section 11- if an order or judgment in the case will directly 'affect him to his personal or pecuniary loss or gain.'" *Id.* (quoting *Elliott v. Scott*, 25 S.W.2d 150, 152 (Tex. 1930)). The Texas Supreme Court likewise determined that "discretionary judicial acts by a disqualified judge are completely void and not merely voidable. *See - Coronado*, 372 S.W.3d at 624. Lastly, the Texas Supreme Court has determined that "the disqualification of a judge is a jurisdictional issue that cannot be waived." *See – Postal Mut. Indem. Co.,* 169 S.W. 2d at 484. *See also – Tex. Ass'n of Bus. V. Tex. Air Control Bd.,* 852 S.W. 2d 440, 445 (Tex. 1993). "When a judge is constitutionally disqualified, any order involving judicial discretion by that judge is "absolutely void," "a nullity," and is an error that can be raised at any point in the proceeding." *See Buckholts Indep. School Dist. v. Glaser*, <u>632 S.W.2d 146, 147</u> (Tex. 1982). For the reason that the R&R is void and a legal nullity from inception, the Plaintiff was entitled by law to treat the R&R as if its existence is lacking and therefore no specified objections to the R&R were warranted.

C.

## PLAINTIFF'S REPLY TO UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO THE REPORT, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE IN LIEU OF OF THE HEREIN RULE 60(b)(4) MOTION

1.      The Plaintiff was not allowed by the Court to reply to Defendant's objection prior to the

Court's Order as set out above, but for the sake of clarifying the record, Plaintiff submits the

herein arguments in reply to the United States of America's Response In Opposition To

Plaintiff's Objection To The Report And Recommendation of The United States Magistrate.

Likewise, Defendant's argument regarding Plaintiff's timeliness of making his *pro se*

objection as set out in Part II to the Defendant's pleading is meritless, where the matter of

judicial disqualification has been deemed by the highest court in the state to be a jurisdiction

issue based on constitutional rights that cannot be waived and may be raised at anytime. *See*

*also* – Fed.R.Civ.P. (h)(3).

D.

## THE COURT IS DIRECTED BY THE CONSTITUTION OF THE STATE OF TEXAS TO REJECT DEFENDANT'S ARGUMENT

2.      Defendant argues *inter alia* that Plaintiff "failed to make specific objections to the R&R[2],

but instead merely regurgitates arguments from Plaintiff's Response to the Motion to Dismiss

and Motion for Summary Judgment, which was stricken as filed in error."

---

[2] Defendant references 28 U.S.C. § 636(b)(1).

## TRAVERSE ARGUMENT

Defendant cites to 28 U.S.C. § 636(b)(1) as authority for its argument. However, the cited statutory provision is not absolute. Moreover, the statutory terms of § 636 are inapplicable as it relates to the Petitioner in this case. In the Plaintiff's *pro se* Objection (ECF 53) the Plaintiff raised the matter as to conflict of interest involving United States Magistrate Judge Kimberly C. Priest Johnson. Plaintiff further set out the unrefuted facts relating to the conflict at page 2 ¶ A(I).[3] Accordingly Plaintiff requested that the Court grant *de novo* review of the entire record and reject the R&R in its entirety in light of the conflict.

E.

## THE APPLICABILITY OF LOPER BRIGHT ENTERPRISES

1.      On page 3 ¶ III, to Defendant's pleading (ECF 56), Defendant argues that *Loper Bright Enterprises v. Rainmondo,* No. 22-451 (U.S. June 28, 2024) "should be rejected because *Loper is not relevant to this case."*

## TRAVERSE

2.      Defendant's argument is based on conjecture opposed to sound legal authority. In fact, Defendant offers no statutory, rule, or case authority in support of its argument that the Administrative Procedures Act APA is inapplicable to the instant case as require by Local Rule CV-7 (c).[4] Nonetheless, in *Ass'n of Data Processing Serv. Organizations, Inc. v. Camp*, 397 U.S. 150, 155, 90 S. Ct. 827, 830–31, 25 L. Ed. 2d 184 (1970), the Supreme Court determined that "no explicit statutory provision was necessary to confer standing, since the private utility bringing suit was within ** the class of persons that the statutory provision was designed to

---

[3] Defendant argues as to the timeliness of Plaintiff's objection, but steers clear of refuting the basis for Plaintiff's objection.

[4] *The briefing shall contain a concise statement of the reasons in support of the motion and* **citation of authorities upon which the movant relies**.

protect." The court in *Ass'n of Data Processing* further held that "Administrative Procedure Act grants standing to a person 'aggrieved by agency action within the meaning of [a] relevant statute.' *154 5 U.S.C. s 702 (1964 ed., Supp. IV). (Emp Added). The Supreme Court went on to opine an analogy that - "a person or a family may have a spiritual stake in First Amendment values sufficient to give standing to raise issues concerning the Establishment Clause and the Free Exercise Clause. Abington School District v. Schempp, 374 U.S. 203, 83 S.Ct. 1560, 10 L.Ed.2d 844. We mention these noneconomic values to emphasize that standing may stem from them as well as from the economic injury".

In short, the Supreme Court has determined that any person aggrieved by the actions of a federal agency or department has APA standing. The Supreme Court directed that the lower federal courts must give plaintiffs a legal interest under 5 U.S.C § 706 protecting them against government acts "in violation of the merits rather than to standing." The Plaintiff is clearly an "aggrieved person" under *Ass'n of Data Processing.* Therefore, Defendant's argument should be rejected.

F.

## PLAINTIFF'S REQUEST FOR SUMMARY JUDGMENT

1.     The Defendant argues at Page 4 ¶ IV to its pleading (ECF 56) that "Plaintiff's *pro se* request for summary judgment is procedurally flawed." Contrary to the government's argument it is not.

## TRAVERSE

In the Plaintiff's *pro se* Objection at Page 1 ¶ 1, the Plaintiff informed the Court that due to the untimely death of his attorney of record Mark J. Lieberman, that Plaintiff would be acting

*pro se* until a time that replacement counsel could be retained. More specifically the Plaintiff stated in relevant part -

> "When dealing with cases where the plaintiff proceeds *pro se*, it is well-established that the *pro se* plaintiff's complaint is held to less stringent standards than formal pleadings drafted by lawyers. *Miller v. Stanmore*, <u>636 F.2d 986, 988</u> (5th Cir. 1981). Plaintiff respectfully moves this Honorable Court:
>
> (4) disposing in part of the litigation by summary judgment in favor of the Plaintiff as to the merits under Rule 56(a) F.R.Civ.P **in lieu of *Loper***. (Emp Added)

As an initial matter, Defendant has again failed to raise a single objection that is supported by legal authority, or material evidence, in controversy to the merits which formed the basis of Plaintiff's summary judgment request. [5]

Secondly, the Plaintiff requested that the Court alternatively grant summary judgment in his favor due to the recent determination of law as set forth by the Supreme Court in *Loper*. Local Rule CV-7, allows for the Plaintiff to enlist an alternative summary judgment request within a primary pleading [w]hen the motion seeks alternative relief. *See* – EDTX  Local Rule CV-7(a).[6]

And finally, Rule 56(a) Fed.R.Civ.P. authorizes a party to seek summary judgment "at any time until 30 days after the close of all discovery."

As the Court is aware, discovery was affected by the Court's June 20, 2023, Stay Order, signed by Magistrate Kimberly C. Priest Johnson. (ECF 42). Accordingly, due to the Stay Order,

---

[5] The response and any briefing shall be contained in one document. *** A response shall be accompanied by a proposed order conforming to the requirements of Subsection (a) of this rule. Briefing shall contain a concise statement of the reasons in opposition to the motion and a citation of authorities upon which the party relies. A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion.

[6] Each pleading, motion, or response to a motion must be filed as a separate document, except for motions for alternative relief (e.g., a motion to dismiss or, alternatively, to transfer).

Plaintiff was unable to participate in the discovery process. Nor was Plaintiff's previous counsel allowed to file the initial Motion for Summary Judgment, in that the motion was rejected due to the Stay Order. Counsel died four days later.

## CONCLUSION

The record of this case reveals that from the date of filing, Plaintiff have presented to this Court sound irrefutable arguments of law and facts upon which Rule 60(b)(4) Fed.R.Civ.P. relief favor should be granted.

Respectfully submitted,

Troy A. Smocks
1624 Medina Lane
Prosper, Texas 75078
(940) 594-0639
tasmocks@outlook.com

## CERTIFICATE OF SERVICE

I certify that I have on August 2, 2024, that I mailed via First Class United States Mail, a true and complete copy of this pleading to:

James G. Gillingham
Assistant United States Attorney
Eastern District of Texas
110 N. College Street
Tyler, Texas 75702
James.gillingham@usdoj.gov
Attorney of record for Defendant the United States of America

Respectfully submitted,

Troy A. Smocks